UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| United States, | CASE NO. 3:09-cr-05703-DGE |
|---|---|
| Plaintiff, | |
| v. | ORDER ON MOTIONS (DKT. NOS. 784, 819, 822, 825, 829) |
| Antoine Johnson, et al., | |
| Defendants. | |

## I   INTRODUCTION

Antoine Johnson moves for relief under Federal Rule of Civil Procedure 52(b) (Dkt. No. 784), a protective order (Dkt. No. 819), "revocation of MS 09-5000" (Dkt. No. 825), and the production of Jencks Act material (Dkt. No. 829). LaWanda Johnson moves for "revocation of MS 09-5000." (Dkt. No. 822.) The Court DENIES the Johnsons' motions for the reasons identified below. The Court is aware of and will address separately the Johnsons' remaining motions. (Dkt. Nos. 783, 786, 787, 810, 812, 813, 834, 840.) The Court assumes familiarity with the factual and procedural background of this case.

## II   DISCUSSION

**A.   Rule 52(b) Motion (Dkt. No. 784)**

Citing declarations (Dkt. Nos. 752, 765) submitted in support of his petition for writ of error coram nobis (Dkt. No. 751), which the Court previously denied (Dkt. No. 782), Mr.

1  Johnson brings a "Rule 52 Motion"[1] asking the Court to "make or amend findings" related to the
2  accounting method used by one of his health clinics.  (Dkt. No. 784.)
3       "The purpose of post-judgment motions under [Rule] 52(b) is to allow the parties to
4  present newly discovered evidence and give the district court an opportunity to correct manifest
5  errors of law or fact at trial, take additional testimony, make additional findings, or take other
6  actions in the interests of justice."  *Gutierrez v. Wells Fargo Bank, N.A.*, 2010 WL 4072240, at
7  *5 (N.D. Cal. Oct. 18, 2010).  A party should not invoke Rule 52(b) to "re-litigate facts and legal
8  theories that have been previously rejected by the court."  *ATS Prods., Inc. v. Ghiorso*, 2012 WL
9  1067547, at *1 (N.D. Cal. March 28, 2012).  Mr. Johnson's references to evidence and argument
10 already submitted make clear that his motion is no more than an attempt to re-litigate issues
11 previously presented in support of his petition, without raising any manifest error in the Court's
12 denial of that petition.  (*See* Dkt. No. 784 at 1–2.)  The Court accordingly DENIES Mr.
13 Johnson's motion.  (Dkt. No. 784.)

**B.      Motion for Protective Order (Dkt. No. 819)**

15      Mr. Johnson asks the Court to "issue an order to remind prosecutors of their obligations
16 to disclose favorable evidence that is material to the defense."  (Dkt. No. 819 at 1.)  Mr. Johnson
17 cites Federal Rule of Criminal Procedure 5(f) in support of his motion, which he describes as a

---

[1] Federal Rule of Civil Procedure 52(b) provides that upon "a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly."  The Court assumes without deciding that the Federal Rules of Civil Procedure apply to permit a challenge to a denial of writ of error coram nobis.  *See United States v. Kroytor*, 977 F.3d 957, 962 n.2 (9th Cir. 2020) (The Ninth Circuit has "not resolved whether the civil rules apply to coram nobis proceedings"); *Harvest v. Castro*, 531 F.3d 737, 745 n.6 (9th Cir. 2008) ("The Supreme Court has [] explicitly held that Rule 52(b) . . . appl[ies] in habeas corpus proceedings").

"relatively new rule that . . . was not in effect at the time of [his] original criminal proceeding (which terminated in 2012)." (*Id.*)

Federal Rule of Criminal Procedure 5(f)(1) requires a judge to "issue an oral and written order to prosecution and defense counsel" confirming the prosecutor's *Brady* obligations "on the first scheduled court date" during which counsel for both parties are present. Mr. Johnson provides no authority indicating this rule retroactively requires courts to issue orders in closed cases. Accordingly, the Court DENIES Mr. Johnson's motion for a protective order. (Dkt. No. 819.)

### C.   Motions Seeking Revocation of MS 09-5000 (Dkt. Nos. 822, 825)

In separate one-page motions (Dkt. Nos. 822, 825), the Johnsons move this Court to revoke an order issued in 2009 by United States Magistrate Judge Kelley Arnold, which had authorized the Government to obtain and use certain confidential medical records in relation to its criminal investigation of the Johnsons (Dkt. No. 811 at 5–7).

The Johnsons' motions are exceedingly unclear. The Johnsons do not explain how the statutory and regulatory provisions, court filings, and Washington state caselaw they cite compel the Court to provide the relief sought. Further, the Johnsons do not make clear how their motion is "jurisdictional" such that they may "raise [it]. . . any time." (Dkt. Nos. 822 at 1; 825 at 1.) The Court will not revoke an order entered more than a decade ago absent a clear showing of entitlement to relief and authority of the Court to issue such a revocation. Accordingly, the Court DENIES the Johnsons' "motion[s] seeking revocation of MS 09-5000." (Dkt. Nos. 822, 825.)

D.   **Motion for Jencks Act Material (Dkt. No. 829)**

Mr. Johnson asks the Court to issue an order under the Jencks Act, 18 U.S.C. § 3500, compelling the Government to produce the United States Postal Service personnel file of one of the Government's witnesses. (Dkt. No. 829 at 2.) Mr. Johnson suggests the information sought would demonstrate that the witness testified falsely about her last name at trial. (*Id.* at 1.)

Mr. Johnson offers no authority to demonstrate that the Jencks Act permits requests for material that are made after trial and following the denial of a petition for writ of error coram nobis. To the contrary, "[t]he 'appropriate time' to request Jencks Act material is *during trial after the witness has testified on direct examination.*" *United States v. Allred*, 1989 WL 63615, at *2 (9th Cir. June 7, 1989) (emphasis in original); *see also United States v. Jonassen*, 759 F.3d 653, 663 (7th Cir. 2014) ("[A] request for Jencks Act material . . . made after the jury has rendered its verdict is not timely."). As such, the Court DENIES Mr. Johnson's motion. (Dkt. No. 829.)

### III   CONCLUSION

The Court DENIES Mr. Johnson's Rule 52(b) motion (Dkt. No. 784), motion for protective order (Dkt. No. 819), motion to revoke MS 09-5000 (Dkt. No. 825), and motion for Jencks Act material (Dkt. No. 829); and DENIES Ms. Johnson's motion to revoke MS 09-5000 (Dkt. No. 822).

Dated this 20th day of May 2024.

David G. Estudillo
United States District Judge