UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| United States,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Antoine Johnson, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:09-cr-05703-DGE<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION (DKT. NOS. 857, 860) |

Before the Court are two motions for reconsideration (Dkt. Nos. 857, 860) of the Court's order (Dkt. No. 853) denying eight motions filed by the Johnsons (Dkt. Nos. 783, 786, 787, 810, 812, 813, 834, 840). Motions for reconsideration are disfavored and will be denied absent a showing of manifest error in the prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier. *See* LCR 7(h)(1); CrR 12(b)(13)(A).

The Johnsons' first motion for reconsideration offers a vague and conclusory argument that "[t]he United States Attorney (or designee)[] has no Article III standing in this case" (Dkt. No. 857 at 1), and requests that the Court "direct the United States Attorney to clearly articulate

her basis for standing" (*id.* at 2).  The Court does not find the Johnsons' motion demonstrates that the Government lacked standing to bring this case.  The Court DENIES the Johnsons' motion to reconsider (Dkt. No. 857) and further finds the motion frivolous.

The Johnsons' second motion for reconsideration challenges the Court's denial (Dkt. No. 853 at 3–4) of Mr. Johnson's motion to amend judgment (Dkt. No. 787), which in turn had challenged the Court's denial (Dkt. No. 782) of Mr. Johnson's petition for writ of error coram nobis (Dkt. No. 751).  (Dkt. No. 860 at 1.)  The motion again argues prosecutors improperly withheld exculpatory evidence at trial, this time relying on the Federal Rules of Evidence to support the Johnsons' position.  (*Id.* at 2.)  The authority to which the motion cites does not demonstrate manifest error in the Court's conclusion that its denial of Mr. Johnson's coram nobis petition did not represent clear error.  Moreover, the Johnsons fail to show how the authority now relied upon "could not have been brought [to the Court's] attention earlier with reasonable diligence."  LCR 7(h)(1); CrR 12(b)(13)(A).  The Court DENIES the Johnsons' second motion to reconsider (Dkt. No. 860) and further finds the motion frivolous.

**VEXATIOUS LITIGANT WARNING**:

"[F]ederal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions" in certain circumstances.  *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (internal citation and quotation omitted).  "Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy litigation histories is one such restriction that courts may impose."  *Id.* (internal citation and quotation omitted) (cleaned up).

Since filing their initial petitions for writ of error coram nobis (Dkt. Nos. 720, 751), the Johnsons have collectively filed 25 motions in the hopes of challenging their convictions.  (Dkt.

Nos. 721, 736, 741, 742, 754, 755, 756, 779, 783, 784, 786, 787, 812, 813, 819, 822, 825, 829, 834, 840, 857, 858, 859, 860, 861.)  Of the motions that have been decided, each has been unsuccessful.[1]  (*See* Dkt. Nos. 727, 746, 782, 849, 853.)  The Court is also aware of at least one instance in which Mr. Johnson was notified in a separate case that improper filings may subject him "to an order restricting his access to the courts."  *Johnson v. United States Probation and Pretrial Services*, 2022 WL 1555004, at *3 (W.D. Wash. May 17, 2022).  The Court hereby warns the Johnsons that continuing to file these types of motions may subject them to an order imposing pre-filing conditions.

Dated this 17th day of June 2024.

David G. Estudillo
United States District Judge

---

[1] Two motions to amend (Dkt. Nos. 858, 859) and one motion for sanctions (Dkt. No. 861) recently filed by the Johnsons are not yet ripe.