UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| United States,<br><br>                    Plaintiff,<br><br>          v.<br><br>Antoine Johnson, et al.,<br><br>                    Defendants. | CASE NO. 3:09-cr-05703-DGE<br><br>ORDER ON MOTIONS TO AMEND (DKT. NOS. 858, 859) AND MOTION FOR SANCTIONS (DKT. NO. 861) |

## I   INTRODUCTION

Defendants LaWanda Johnson and Antoine Johnson each file motions to amend.  (Dkt. Nos. 858, 859.)  The Johnsons jointly file a motion for sanctions.  (Dkt. No. 861.)  The motions are DENIED.

## II   DISCUSSION

A.   **LaWanda Johnson's Motion to Amend (Dkt. No. 858)**

Citing Federal Rule of Civil Procedure 59(e), Ms. Johnson asks the Court to amend its order (Dkt. No. 853) denying eight of the Johnsons' motions.  (Dkt. No. 858 at 1.)  Ms. Johnson appears to take issue with the Court's denial of her second petition for writ of error coram nobis, contending again that the Court lacks jurisdiction on the basis of the CARES Act and that this issue "has not been adjudicated on the merits."  (*Id.* at 1–2.)  Ms. Johnson asserts it was "manifestly unjust" for the Court to find her jurisdictional argument was without merit because

this jurisdictional "issue" somehow renders the acts for which she was convicted "not []

criminal" under the law.  (*Id.* at 3.)  Ms. Johnson also states that a recent regulatory change

requires revising the Court's order but fails to offer any comprehensible explanation as to how

the rule change actually "divested the Court of jurisdiction."  (*Id.*)

At bottom, Ms. Johnson's arguments are conclusory, difficult to follow, and another of

seemingly endless attempts of the Johnsons to relitigate issues already presented and decided.

Ms. Johnson's motion raises no clear error or manifest injustice in the Court's denial of her

petition and fails to show how a change in the law warrants revising the Court's decision.  *See*

*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  As this is not a

"highly unusual circumstance[]" warranting departure from the denial of Ms. Johnson's petition,

*id.*, the Court DENIES Ms. Johnson's motion to amend.  (Dkt. No. 858.)

B.    **Antoine Johnson's Motion to Amend (Dkt. No. 859)**

Mr. Johnson fails to identify which of the Court's denials of the Johnsons' motions he

moves to amend.  However, based on his invocation of the CARES Act, the Court assumes Mr.

Johnson is asking the Court to revisit its denial (Dkt. No. 853 at 2–3) of Mr. Johnson's motion to

reconsider (Dkt. No. 783) the denial of his petition for writ of error coram nobis.  In other words,

Mr. Johnson asks the Court to find that it clearly erred when concluding that it did not manifestly

err in denying his coram nobis petition.

But Mr. Johnson's motion does not demonstrate any error.  Instead, it raises new

arguments that the CARES Act affords Mr. Johnson immunity and "may establish" that his

conduct did not actually violate "substantive criminal law."  (Dkt. No. 859 at 1–2.)  These

arguments were not previously presented.  (*See* Dkt. No. 783.)  Their presentation for the first

time in the instant motion warrants their rejection.  *See Kona Enterprises, Inc.*, 229 F.3d at 890

1    (Rule 59(e) motions may not be used to raise new arguments).  Moreover, even considering the

2    substance of Mr. Johnson's motion, the Court would not find it demonstrates any entitlement to

3    relief.  The Court DENIES Mr. Johnson's motion.  (Dkt. No. 859.)

4    C.    **The Johnsons' Motion for Sanctions (Dkt. No. 861)**

5          The Johnsons bring their sixth motion for sanctions against the Government on the basis

6    that the Government lacks standing.  (Dkt. No. 861 at 1.)  The Court DENIES the motion as

7    frivolous.  *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)

8    ("the injury to [the United States'] sovereignty arising from violation of its laws . . . suffices to

9    support a criminal lawsuit by the Government").

10                                    **III    CONCLUSION**

11          The Johnsons' motions (Dkt. Nos. 858, 859, 861) are DENIED.  The Court reiterates its

12    vexatious litigant warning (Dkt. No. 864) and instructs that further duplicative and frivolous

13    motions will be summarily denied.

14          Dated this 1st day of July 2024.

15

16

17                                    David G. Estudillo
                                      United States District Judge
18

19

20

21

22

23

24

ORDER ON MOTIONS TO AMEND (DKT. NOS. 858, 859) AND MOTION FOR SANCTIONS (DKT. NO. 861)
- 3