UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>ANTOINE JOHNSON et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:09-cr-05703-DGE<br><br>ORDER ON SECOND PETITION FOR WRIT OF ERROR CORAM NOBIS (DKT. NO. 905) |

Before the Court is Petitioner Antoine Johnson's second petition for a writ of error coram nobis. (Dkt. No. 905.) For the reasons set forth below, the petition is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case has a lengthy procedural history, which the Court will not recount in its entirety. Relevant here, on February 28, 2022 Petitioner's mother, Lawanda Johnson, filed a petition for a writ of error coram nobis. (Dkt. No. 720.) On September 1, 2022, the Court denied Lawanda Johnson's petition. (Dkt. No. 734.) On June 26, 2023, Antoine Johnson filed his own petition for a writ of error coram nobis, which the Court denied on November 6, 2023.

(Dkt. Nos. 751, 782.) On January 26, 2024, Lawanda Johnson filed a second petition for a writ of error coram nobis, which the Court denied on June 10, 2024. (Dkt. Nos. 812, 853.)

On June 17, 2024, the Court issued an order denying motions for reconsideration filed by the Johnsons. (Dkt. No. 864.) In that order, the Court noted that since filing their initial petitions for writs of error coram nobis, the Johnsons had filed 25 motions, all of which the Court ultimately denied, and many of which raised frivolous arguments. (*Id.* at 2–3.) The Court warned the Johnsons that continuing to file these types of motions might subject them to an order imposing pre-filing conditions. (*Id.* at 3.) On July 1, 2024, the Court issued an order denying more of the Johnsons' motions and re-iterating its vexatious litigant warning. (Dkt. No. 875.) The Court informed the Johnsons that their arguments were "conclusory, difficult to follow, and another of seemingly endless attempts of the Johnsons to relitigate issues already presented and decided." (*Id.* at 2.) The Court advised the Johnsons "that further duplicative and frivolous motions [would] be summarily denied." (*Id.* at 3.)

After unsuccessfully appealing the Court's denial of his petition and various other motions to the Ninth Circuit, Antoine Johnson filed a second petition for a writ of error coram nobis on July 22, 2025. (Dkt. No. 905.)

## II.   LEGAL STANDARD

The writ of error coram nobis affords relief "[w]here the errors" in a conviction "are of the most fundamental character, such that the proceeding itself is rendered invalid." *Estate of McKinney By and Through McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995) (internal quotation and citation omitted). The writ is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). To qualify for coram nobis relief, a

petitioner must show "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

### III. DISCUSSION

Johnson argues he qualifies for coram nobis relief because the Government's failure to obtain a disclosure order for his mother's medical records under 42 C.F.R. § 2.65[1] divested the Court of subject matter jurisdiction over his prosecution and deprived the United States of Article III standing to prosecute him. (Dkt. No. 905.) The Government argues Johnson raised this argument in his first coram nobis petition, and that Johnson's mother raised variants of this argument in her two prior coram nobis petitions and her motion for relief pursuant to 28 U.S.C. § 2255. (Dkt. No. 907.) The Government contends the Court rejected these arguments and denied the petitions of Johnson and his mother, and that Johnson's attempt to re-litigate these claims in a second coram nobis petition constitutes an abuse of the writ. (*Id.*)

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McClesky v. Zant*, 499 U.S. 467, 470 (1991). The doctrine precludes a second habeas petition if the claim presented in the second petition could have been presented in

---

[1] Under 42 C.F.R. § 2.66(a)(l) an order "authorizing the disclosure or use of patient records . . . in connection with a criminal . . . matter may be applied for by any . . . agency having jurisdiction . . . ." The regulations further provide that information obtained as a result of such an order may not be "used or disclosed to conduct any investigation or prosecution of a patient in connection with a criminal matter." 42 C.F.R. § 2.66(d)(2). The court orders must "limit disclosure to those law enforcement and prosecutorial officials who are responsible for, or are conducting, the investigation or prosecution . . ." 42 C.F.R. § 2.65(e)(2).

the petitioner's first petition, *id.*, or was already raised in the first petition, *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011).

While the doctrine was replaced by the Antiterrorism and Effective Death Penalty Act ("AEDPA") insofar as it applied to habeas petitions, *United States v. Roberson*, 194 F.3d 408, 411 (3d Cir. 1999), some circuits have found the doctrine applicable to coram nobis proceedings, *see, e.g., United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019) ("We can think of no reason why the[] [abuse of the writ doctrine] should not apply to petitions for writs of coram nobis."); *United States v. Swindall*, 107 F.3d 831, 836 n.7 (11th Cir. 1997) ("The abuse of the writ defense applies to a writ of error coram nobis successively brought after a § 2255 motion."). This is for good reason: the doctrine was motivated by an interest in finality of judgments, as well as concerns regarding the depletion of judicial resources caused by endless rounds of reexamination—both of which are motivations applicable to any collateral attack on a conviction. *See McClesky*, 499 U.S. at 490–492.

In his first coram nobis petition, Antoine Johnson argued the Court lacked jurisdiction over this case, in part because the Government did not obtain an order allowing it to obtain patient records. (Dkt. No. 751 at 20–22.) In a subsequent motion, the Johnsons argued the Government lacked Article III standing because Lawanda Johnson "was is, and will be" (sic) a "patient" pursuant to 42 C.F.R. § 2.65 and that the lack of an order authorizing disclosure of her records pursuant to this regulation deprived the Government of standing. (Dkt. No. 857 at 1–2.) The Court denied the motion, finding the Johnsons' motion did not demonstrate the Government lacked standing to bring this case and further finding the motion to be frivolous. (Dkt. No. 864 at 1–2.) The Johnsons have raised this issue in other motions, with Lawanda Johnson first

presenting a variant of this argument nearly 11 years ago. (*See* Dkt. Nos. 706 at 5; 812 at 2; 816 at 3–4.)

Antoine Johnson argues his second petition is not second or successive because of newly acquired evidence which was not available when he filed his first petition and because his first petition has not been finally adjudicated by the Supreme Court. (Dkt. Nos. 905 at 2; 908 at 1.) In support of his petition, Antoine Johnson submits documents obtained from the Federal Bureau of Prisons in response to a Freedom of Information Act request filed by his mother. (Dkt. No. 906.) The documents appear to be medical records from Lawanda Johnson's period of incarceration. Antoine Johnson argues these documents establish that Lawanda Johnson was a "patient" with a "substance abuse disorder" as those terms are defined in 42 C.F.R. § 2.11. (Dkt. No. 908 at 1–2.)

The Johnsons have raised this argument, and variants of this argument, numerous times. The Court has rejected the argument each time. More than 10 years ago, the Court, in ruling on a 28 U.S.C. § 2255 motion filed by Lawanda Johnson, found the Court's jurisdiction in this case was "not premised on the federal regulations relating to substance abuse treatment, and the government's failure to obtain that court order before its investigation—even if it had merit—is not a jurisdictional issue." (Dkt. No. 709 at 6.)

The Court will not endlessly relitigate the issues in this case. The Johnsons have not presented evidence of the type of "grave injustice" that would justify coram nobis relief. Instead, they have filed numerous frivolous motions, most of which seek to relitigate issues already presented and decided by this Court. Accordingly, the Court DENIES Antoine Johnson's second motion (Dkt. No. 905) for a writ of error coram nobis. In a previous order, the Court advised the Johnsons that further duplicative and frivolous motions would be summarily denied. The Court

reiterates that warning and advises them that it will not tolerate a never-ending torrent of such motions.

Dated this 6th day of August, 2025.

David G. Estudillo
United States District Judge

ORDER ON SECOND PETITION FOR WRIT OF ERROR CORAM NOBIS (DKT. NO. 905) - 6